# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:17-CR-00330-01** |
| **VERSUS** | **JUDGE ZAINEY** |
| **JAVIER MUNOZ (01)** | **MAGISTRATE JUDGE KAY** |

## RULING AND REASONS

Before the Court is a *pro se* "Motion Under Rule (59e) for a Motion to Reconsider the Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(d)" (Rec. 116) wherein Defendant Javier Munoz requests that the Court reconsider his initial Motion for Compassionate Release.

After pleading guilty to possession with intent to distribute 500 grams of methamphetamine, Munoz was sentenced to 165 months imprisonment followed by 5 years of supervised release.[1] As of this date, Munoz has served approximately 25 months of the 165-month sentence.

Munoz's first Motion for Compassionate Release was denied by the undersigned for failure to exhaust his administrative remedies.[2] In that Ruling, even though the Court concluded that it was without jurisdiction, we considered the merits of Munoz's motion and found that he had failed to present evidence of extraordinary and compelling reasons to modify his prison sentence.

---

[1] Rec. 50.
[2] Rec. 115.

In his instant motion, Munoz attempts to establish that he has submitted a request for compassionate release to the Warden on May 1, 2020, to which he states he received no response. Munoz attaches to his motion a document entitled "Inmate Request to Staff."[3]The document includes a "Sworn Affidavit of Javier Munoz" signed only by Munoz. Thus, Munoz claims he has exhausted his administrative remedies.   The Court notes that the "Inmate Request to Staff" is not stamped and dated as received by the Bureau of Prisons ("BOP").

In its response to the instant motion, the Government informs the Court that it sent a copy of the document to a representative of the BOP to ascertain the disposition of Munoz's request. On June 30, 2020, the BOP notified the Government that the "Inmate Request to Staff" was not located within BOP records. On July 9, 2020, the Government confirmed with the BOP that it had not received Munoz's "Inmate Request to Staff". Based on the lack of credible evidence that Munoz has exhausted his administrative remedies, the Court will deny Munoz's motion for reconsideration.

Even if the Court found that Munoz had exhausted his administrative remedies, we again find that he has failed to establish the requisite "extraordinary and compelling circumstances," to reduce his term of imprisonment. Munoz contends that because he is 53 years of age and obese with a BMI of 41, he is at a greater risk of death or irreparable harm if he contracts COVID-19.

---

[3] Rec. 116-1.

As noted by the Government, Munoz has failed to submit any medical records to corroborate his allegations of obesity and BMI. See *United States v. Clark,* 2020 WL 1557397, *4 (M.D. La. Apr. 1, 2020) (recognizing that "[g]enerally, the defendant has the burden to show circumstances meeting the test for compassionate release"); see also *United States v. Aguila,* 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020) (Although Defendant claims he has high blood pressure, high cholesterol, sleep apnea, and diabetes, Defendant fails to provide evidence to verify these claims."); *United States v. Lotts,* 2020 WL 835298, (D.N.M. Feb. 20, 2020) (denying the motion where the defendant did not provide the court with any evidence substantiating his purported conditions or their severity).

The Government submits Munoz's medical records from the BOP which indicates that his BMI is 36.8,[4] he is 5' 9" and weighs 249 pounds.  Otherwise, the record reveals no other serious medical conditions. Munoz's physical condition is of a type that can be controlled and does not present any impediment to his ability to provide self-care in the BOP facility. See e.g. *United States v. Maher,* 2020 WL 390884, at *2 (Jan. 22, 2020) (denying compassionate release to a defendant whose medical records showed "a history for Crohn's disease, prostate cancer, and hepatitis C, as well as significant unexplained weight loss, bacterial pneumonia, and acute exacerbation of bronchiectasis" on the grounds that the records did not show his inability to care for himself). Based on that alone, the Court would deny Munoz's request for compassionate release.

---

[4] Rec. 118-1.

Even though Munoz presents a risk factor identified by the CDC (obesity) as heightening the risk of severe injury or death were he to contract COVID-19, the Court would deny Munoz's request because he has not demonstrated that he will not pose a danger to the community if released or that his release comports with the applicable § 3553(a) factors.[5] See 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors "as applicable") and U.S.S.G. § 1B1.13(2) (requiring consideration of whether the defendant is "a danger to the safety of any other person or to the community, as provided in 19 U.S.C. § 3142(g)"); see also *United States v. Chambliss,* 948 F.3d 691, 694 (5th Cir. 2020) (affirming the denial of compassionate release where the district court properly relied on the fact that an inmate suffering from terminal cancer had a violent criminal history, had committed a violent offense, and had served less than half the sentence imposed).

Munoz was convicted of a serious drug trafficking offense in which nearly 2 kilograms of methamphetamine were seized. Previous to this offense, Munoz had been convicted of assaulting a police officer with a firearm and robbery.[6] For his crime of possession with intent to distribute methamphetamine,[7] the mandatory minimum sentence was 120 months; Munoz has only served approximately 25 months of his 165-month sentence. As noted by the Government, his sentence would be drastically reduced below

---

[5] The applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.
[6] PSR ¶ 32.
[7] 21 U.S.C. § § 841(a)(1) and (b)(1)(A)).

the statutory minimum leading to a sentence that is both unjust and disproportionate when compared to those similarly situated. The Court finds that Munoz is a danger to the community which is yet another basis for denying the motion for reconsideration.

## <u>CONCLUSION</u>

The Court finds that Munoz has failed to persuade this Court to grant his Motion to Reconsider because he has failed to meet his burden to establish that he is entitled to compassionate release. First, the Court finds that he has failed to establish with credible evidence that he has exhausted his administrative remedies. Even assuming that he had properly exhausted his administrative remedies, Munoz has failed to prove extraordinary and compelling reasons that would warrant reducing his sentence. Furthermore, he has failed to prove that he is not a danger to the community or another person. Accordingly,

**IT IS ORDERED** that the Motion Under Rule (59e) for a Motion to Reconsider the Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(d) is hereby **DENIED.**

**THUS DONE AND SIGNED** in New Orleans, Louisiana on this 23rd day of July, 2020.

_____
**JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE**