# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:17-CR-00330-01** |
| **VERSUS** | **JUDGE ZAINEY** |
| **JAVIER MUNOZ (01)** | **MAGISTRATE JUDGE KAY** |

## RULING AND REASONS

Before the Court is "Defendant's *Pro Se* Emrgency [sic] Motion for Compassionate Release, and Authority in Support thereof, Pursuant to 18 U.S.C. 3582(c)(1)(A)" (Doc. 124) wherein Defendant Javier Munoz seek early release from imprisonment. For the reasons that follow, the motion will be denied.

## INTRODUCTION

In this motion, Munoz argues that he should be released from prison because he has contracted COVID-19. The Government opposes the motion but informs the Court that medical records obtained from the Bureau of Prisons establishes that Munoz tested positive for COVID-19.

After pleading guilty to possession with intent to distribute 500 grams of methamphetamine, Munoz was sentenced to 165 months imprisonment followed by 5 years of supervised release.[1] As of this date, Munoz has served approximately 30 months of the 165-month sentence; he has an approximate release date of February 20, 2030.

---

[1] Rec. 50.

On May 14, 2020, Munoz filed his first COVID-related motion for compassionate release which this Court denied, in part, for failure to establish that he had exhausted the available administrative remedies.[2] In that Ruling, even though the Court concluded that Munoz had failed to exhaust available administrative remedies, the also considered the merits of Munoz's motion and found that he had failed to present evidence of extraordinary and compelling reasons to modify his prison sentence.[3]

On June 25, 2020, Munoz filed a motion for reconsideration.[4] The Court denied Munoz's request finding that he is a danger to the community, and that a reduction in sentence would result in a sentence that is both unjust and disproportionate when compared to those similarly situated.[5]

On November 19, 2020, Munoz filed the instant motion wherein he asserts that he has contracted COVID and paired with his underlying condition of obesity, he is at a greater risk of death due to the infection.

## **LAW ANALYSIS**

Munoz asserts he made a second administrative request for compassionate release on September 9, 2020, but does not provide the Court with documentation to either support his medical condition, nor the existence of the alleged September 9, 2020 administrative request.

---

[2] Doc. 115.
[3] Id.
[4] Doc. 116.
[5] Doc. 119.

The exhaustion requirement of 18 U.S.C. § 3582 is a mandatory claims processing rule that must be enforced if properly invoked and cannot be waived. *United States v. Franco.,* ___ F.3d ____, 2020 WL 5249369 (5th Cir. Sept. 3, 2020). Based on the lack of credible evidence that Munoz has exhausted his administrative remedies, the Court will deny Munoz's request for compassionate release.

Even if he had properly exhausted the available administrative remedies, the Court considers Munoz's request on the merits. 18 U.S.C. § 3582(c)(1)(A).

The Government requested Munoz's medical records which revealed that on October 25, 2020, a swab screening indicated that Munoz was COVID-19 positive.[6] Records indicate that as of November 6, 2020, Munoz had as of that date, been in quarantine for more than 10 days, had not reported any COVID-19 symptoms, and was no longer in need of daily assessment.[7]

Having a prior infection is not a risk factor recognized by the CDC. Furthermore, as stated in our prior rulings denying Munoz's request for compassionate release, Munoz has not established that he is not a danger to the community; furthermore, the reduction in sentence would be unjust and disproportionate when compared to others similarly situated.[8] Considering the failure to exhaust his administrative remedies, as well as the nature of his offense of conviction, his criminal history, and the relatively short service of

---

[6] Government exhibit 1, p. 34.
[7] Id. p. 5. (From October 20, 2020, to November 17, 2020, Munoz's temperature was checked 19 times, and never exceeded 98.4.)
[8] Doc. 119.

his sentence, Munoz has not established that his early release would comport with the applicable § 3553(a) factors. Accordingly,

**IT IS ORDERED** that Munoz' Emergency Motion for Compassionate Release is hereby **DENIED.**

**THUS DONE AND SIGNED** in New Orleans, Louisiana on this 2nd day of December, 2020.

_____
**JAY C. ZAINEY**
**UNITED STATES DISTRICT JUDGE**