UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:17-CR-00330-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JAVIER MUNOZ (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is Defendant, Javier Munoz's "Motion for Compassionate Release" (Doc. 156). Defendant's grounds for early release orbit the alleged continued threat of contracting COVID.

## BACKGROUND

After pleading guilty to possession with intent to distribute 500 grams of methamphetamine, Munoz was sentenced on June 12, 2018, to 165 months imprisonment followed by 5 years of supervised release.[1] Munoz's approximate release date is February 20, 2030.

On May 14, 2020, Munoz filed his first COVID-related motion for compassionate release which this Court denied, in part, for Munoz's failure to establish that he had exhausted the available administrative remedies.[2] In that Ruling, even though the Court concluded that Munoz had failed to exhaust available administrative remedies, the Court

---

[1] Doc. 50.
[2] Doc. 115.

also considered the merits of Munoz's motion and found that he had failed to present evidence of extraordinary and compelling reasons to modify his prison sentence.[3]

On June 25, 2020, Munoz filed a motion for reconsideration.[4] The Court denied Munoz's request finding that he is a danger to the community, and that a reduction in sentence would result in a sentence that is both unjust and disproportionate when compared to those similarly situated.[5]

On November 19, 2020, Munoz filed an "Emergency Pro Se Motion for Compassionate Release"[6] wherein he asserted that he has contracted COVID and paired with his underlying condition of obesity, he is at a greater risk of death due to the infection. On December 2, 2020, the Motion was denied.[7] On January 10, 2022, Defendant filed another "Motion for Compassionate Release"[8] The Court denied that Motion on February 7, 2022.[9]

## LAW AND ANALYSIS

Munoz does not inform the Court as to whether he has exhausted any available administrative remedies, nor does he attach any documents from the Bureau of Prisons establishing same. It appears from Munoz's Motion that he is relying on a denial by the Warden from December 21, 2021, regarding a previously filed Motion for Compassionate Release that was denied.[10] That denial by the BOP warden is not attached to or made a part

---

[3] *Id.*
[4] Doc. 116.
[5] Doc. 119.
[6] Doc. 124.
[7] Doc. 128.
[8] Doc. 150.
[9] Doc. 155.
[10] See Doc. 150 and denial, Doc. 155.

of the instant motion, which was filed February 15, 2024. Thus, it is too attenuated for this Court to even consider in relation to this Motion.

The Motion for Compassionate Release filed pursuant to Title 18 U.S.C. § 3582 requires an inmate to first exhaust his administrative remedies either by fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release on his behalf, or by filing the motion with the court after a lapse of 30 days from the date of the warden's receipt of this request for release, "whichever is earlier." 18 U.S.C. § 2852(c)(1)(A). This is mandatory, with no exceptions and cannot be waived. *United States v. Franco*, 973 F.3d 465 (5th Cir. Sept. 3, 2020).

Even if Munoz had properly exhausted his administrative remedies, the Court considers Munoz's request on the merits. Munoz has not attached any medical records to establish any serious medical conditions, see *United States v. Clark*, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) (recognizing that "[g]enerally, the defendant has the burden to show circumstances meeting the test for compassionate release"); see also *United States v. Lotts*, 2020 WL 835298, (D.N.M. Feb. 20, 2020) (denying the motion where the defendant did not provide the court with any evidence substantiating his purported conditions or their severity), nor has he established extraordinary and compelling reasons to support a reduction in his federal sentence pursuant to 18 U.S.C. § 3582(c)(1). Considering the failure to exhaust his administrative remedies, as well as the nature of his offense of conviction, his criminal history, and the complete absence of a record of Munoz's medical condition, the Court finds that Munoz has not established that his early release would comport with the applicable § 3553(a) factors.

Accordingly,

**IT IS ORDERED** that the Motion for Compassionate Release (Doc. 156) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 14th day of August, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE